■ HILDEGARD CAVANAUGH, Respondent, et al., Plaintiff, v ANTONIO COSENTINO et al., Appellants. [680 NYS2d 600] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Posner, J.), dated October 20, 1997, which, upon a jury verdict finding them to be 65% at fault in the happening of the accident, is in favor of the plaintiff Hildegard Cavanaugh and against them in the principal sum of $97,500.

Ordered that the judgment is affirmed, with costs.

The defendants contend that the jury verdict finding that the plaintiff Hildegard Cavanaugh sustained a serious injury as defined by Insurance Law § 5102 (d) is against the weight of the evidence and must be set aside. However, it is well settled that a jury verdict may be set aside as against the weight of the evidence only where the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129; *Sobha v Anthos Coat Co.,* 243 AD2d 704). Contrary to the defendants' claim, the testimony of the plaintiffs' medical experts established a basis upon which the jury could have found, upon a fair interpretation of the evidence, that the injured plaintiff suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *Sobha v Anthos Coat Co., supra*).

Furthermore, the damages awarded to the plaintiff Hildegard Cavanaugh for past and future pain and suffering do not deviate materially from what would be reasonable compensation (*see,* CPLR 5501; *Nicoletti v Piazza,* 250 AD2d 743; *Tariq v Miller,* 240 AD2d 395; *Brown v Stark,* 205 AD2d 725).

The defendants' remaining contention is without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.