■ Israel Maisonaves, Respondent, v Moses Friedman, Appellant, et al., Defendant. [680 NYS2d 619] —In an action to recover damages for personal injuries, the defendant Moses Friedman appeals from (1) an order of the Supreme Court, Kings County (Dabiri, J.), dated October 9, 1997, which denied his motion to set aside a jury verdict on the issue of damages and to direct a new trial on the issue of damages, or, in the alternative, to reduce the verdict as excessive, and (2) a judgment of the same court entered February 4, 1998, which, upon the jury verdict, is in favor of the plaintiff and against him in the principal sum of $426,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the principal sum of $426,000 to the principal sum of $175,000, representing $100,000 for past pain and suffering and $75,000 for future pain and suffering, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On March 8, 1993, the plaintiff was involved in a rear-end collision while in the course of his employment as a taxicab driver. It was stipulated by the parties that the appellant was at fault in the happening of the accident and that a trial would be held on the issue of damages only.

During the damages trial, experts testified that the plaintiff suffered from four bulging discs in the cervical spine and two bulging discs in the lumbosacral spine. These bulges impinged upon the thecal sac. The jury found that the plaintiff established that he suffered a serious injury in that he suffered from a significant limitation of use of a body function or system, and that his injuries prevented him from performing substantially all of the material acts which constitute his usual and customary daily activities for at least 90 days during the 180 days following the accident (*see,* Insurance Law § 5102 [d]), and awarded him damages in the principal sums of $176,000 for past pain and suffering and $250,000 for future pain and suffering.

A jury verdict may only be set aside as being against the weight of the evidence when the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Moskowitz v Israel,* 209 AD2d 676; *Dunleavy v Samuel,* 177 AD2d 540; *Nicastro v Park,* 113 AD2d 129). Here, the testimony adduced from the plaintiff's medical experts clearly established a basis upon which the jury could have reasonably concluded

that the plaintiff suffered a serious injury (*see,* Insurance Law § 5102 [d]; *Sobha v Anthos Coat Co.,* 243 AD2d 704).

However, the award of $426,000 for pain and suffering materially deviates from what would be reasonable compensation to the extent that it exceeds $100,000 for past pain and suffering and $75,000 for future pain and suffering (*see,* CPLR 5501 [c]; *see generally, Tariq v Miller,* 240 AD2d 395; *Orris v West,* 189 AD2d 866; *Diorio v Scala,* 183 AD2d 1065). Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.