■ IVETTE RIVERA, Respondent, v PETER MAJUK, Appellant. [695 NYS2d 158] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered May 28, 1998 in Sullivan County, upon a verdict rendered in favor of plaintiff.

In this negligence action, plaintiff recovered for personal injuries sustained in a November 1995 motor vehicle accident. A jury determined that plaintiff sustained a significant limitation of use of a body function or system (*see*, Insurance Law § 5102 [d]) and awarded her $35,000 for pain and suffering up to the date of the verdict (no damages were awarded for future pain and suffering). Defendant appeals, contending that the verdict must be set aside as against the weight of the evidence in that plaintiff did not sustain a serious injury. More precisely, defendant claims there is no objective medical evidence of an underlying injury. We disagree and accordingly affirm.

Our inquiry in this regard is "whether there is sufficient evidence to support the verdict and, if so, whether the evidence on the whole so preponderated in favor of [defendant] that the verdict could not have been reached on any fair interpretation of the evidence" (*Kelley v Balasco*, 226 AD2d 880, 881; *see*, *Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Applying this test, we find there was sufficient evidence to support the verdict and that it did not so preponderate in defendant's favor on the question of serious injury. Upon review of the record and defendant's arguments, it is clear that defendant is essentially challenging the credibility of plaintiff and her medical expert, issues which were solely within the province of the jury and obviously resolved against defendant (*see*, *Robillard v Robbins*, 168 AD2d 803, 805, *affd* 78 NY2d 1105).

Plaintiff's medical expert testified that he began treating plaintiff in April 1997 at which time she complained of chronic pain in her shoulder. He diagnosed her with impingement syndrome and a cervical myosascitis. According to this expert, two other physicians who treated plaintiff made the same diagnosis. An MRI performed on plaintiff revealed that "[s]he had hypertrophic changes at AC joint with small osteophytes and she had a small amount of fluid in the long head of the bicep tendon". The significance of this objective medical finding, according to plaintiff's expert, was that plaintiff sustained an

injury to her bicep tendon. The MRI also revealed an inflammation of the tendon and synovium.

Plaintiff testified that as a result of the injury she sustained in the accident, she experiences pain and tingling sensations in her right arm and shoulder and is unable to lift or hold things with her right arm. Since the accident, she has been treated with cortisone shots, pain medication and physical therapy, none of which has been sufficient to totally alleviate her pain or symptoms. According to her expert, plaintiff's complaints correlate with his clinical findings and the MRI. He further opined that her injuries were permanent and causally related to the accident.

In sharp contrast to this testimony, defendant presented the testimony of an orthopedic surgeon who examined plaintiff on one occasion over a year and a half after the accident. According to this expert, there is no organic cause for plaintiff's complaints. He opined that there is nothing wrong with her and that she is faking pain in the hopes of a financial award. Under cross-examination, he admitted, however, that it is not possible to fake inflammation. Suffice it to say, the jury rejected his opinions and we will not interfere with this credibility resolution (see, Robillard v Robbins, supra). Because objective medical evidence was before the jury (see, Gaddy v Eyler, 167 AD2d 67, 71, affd 79 NY2d 955 ["a medical opinion based upon subjective complaints of pain is insufficient to support a claim of serious injury"]; see also, Stanavich v Pakenas, 190 AD2d 184, lv denied 82 NY2d 659), and because the evidence on the whole did not so preponderate in favor of defendant such that the jury could not have reached its conclusion on any fair interpretation of it, we affirm.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.