■ GWENDOLYN BURNEY, Respondent, v STEPHEN RABA, Appellant. (And a Third-Party Action.) [697 NYS2d 329] —In a negligence action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 21, 1999, which denied his motion to set aside a jury verdict in favor of the plaintiff on the ground that the plaintiff did not establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d), or, in the alternative, to reduce the verdict as excessive or to direct a new trial on the issue of damages, and (2) a judgment of the same court, dated February 19, 1999, which, upon the jury verdict finding the defendant 70% at fault in the happening of the accident and the third-party defendant 30% at fault, and upon the jury verdict awarding the plaintiff $150,000 for past pain and suffering, and upon a stipulation of the parties releasing the defendant from liability for the third-party defendant's share of the verdict upon payment by the third-party defendant of the sum of $10,000, is in favor of the plaintiff and against him in the principal sum of $105,000 ($150,000 minus $45,000 representing the third-party defendant's share of liability).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for past pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the principal sum of $150,000 to the principal sum of $75,000, and to the entry of an appropriate amended judgment in the principal sum of $52,500 accordingly ($75,000 minus $22,500, the third-party defendant's share of liability); in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements, and the order dated January 21, 1999, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A jury verdict may only be set aside as being against the weight of the evidence when the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Maisonaves v Friedman,* 255 AD2d 494; *Cavanaugh v Cosentino,* 255 AD2d 413). Here, the testimony adduced by the sole expert at trial, the plaintiff's expert, clearly established a basis upon which the jury could have reasonably concluded that the plaintiff suffered "significant limitation of use of a body function or system" and the "permanent loss of use of a body organ, member, function or system" (Insurance Law § 5102 [d]; *see, Cavanaugh v Cosentino, supra*). The issue of the expert's credibility was solely within the province of the jury, which resolved that issue against the defendant (*see, Rivera v Majuk,* 263 AD2d 841). In addition, the expert's objective medical evidence was sufficient to support the finding that the injuries at issue were sustained as a result of the accident involving the appellant (*see, Rivera v Majuk, supra*).

The damages awarded to the plaintiff for past pain and suffering deviate materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501; *Maisonaves v Friedman, supra; Rivera v Majuk, supra; Penny v Shubinsky,* 131 AD2d 556; *Maze v DiBartolo,* 130 AD2d 720). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.