■ ESMERALDA BUENO-TULLY, Respondent, v JOSEPH M. NOCELLO, Appellant, et al., Defendant. [707 NYS2d 345] —In an ac-

tion to recover damages for personal injuries, the defendant Joseph M. Nocello appeals from (1) so much of a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered January 28, 1999, as, upon a jury verdict finding him 75% at fault in the happening of the accident, and finding that the plaintiff had sustained total damages of $250,000 for past pain and suffering, is in favor of the plaintiff and against him in the principal sum of $187,500; and (2) so much of an order of the same court, dated March 17, 1999, as denied his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages against the appellant for past pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, she shall serve and file in the office of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict for past pain and suffering as against the appellant from $187,500 (representing 75% of $250,000) to the sum of $75,000 (representing 75% of $100,000), and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 17, 1999, is modified accordingly.

Contrary to the appellant's contention, the plaintiff submitted sufficient evidence at trial to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Maisonaves v Friedman*, 255 AD2d 494). However, we agree with the appellant that the damages award deviated materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]; *Maisonaves v Friedman, supra*; *Perez v Vintis*, 249 AD2d 526; *Donahue v Smorto*, 240 AD2d 464).

The appellant's remaining contention is without merit. Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.