■ Vanda Manganella, Respondent, v Card Trans Corp. et al., Appellants, et al., Defendant. [758 NYS2d 680] —In an action to recover damages for personal injuries, the defendants Card Trans Corp. and Mohammad Z. Huque appeal from a judgment of the Supreme Court, Queens County (Huttner, J.), dated May 31, 2002, which, upon a jury verdict on the issue of damages awarding the plaintiff $30,000 for past pain and suffering and $12,500 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $42,500.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding damages for future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements.

The jury found that the plaintiff sustained a medically-determined injury of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for at least 90 days during the 180 days immediately following the accident (see Insurance Law § 5102 [d]). Contrary to the appellants' contention, the determination that the plaintiff sustained a serious injury under this statutory category was supported by a valid line of reasoning or permissible inferences based on the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]). Moreover, the finding that the plaintiff sustained a serious injury was not against the weight of the evidence (see Nicastro v Park, 113 AD2d 129 [1985]; see also Maisonaves v Friedman, 255 AD2d 494 [1998]).

However, viewing the evidence presented in the light most favorable to the plaintiff, we find that it was not legally sufficient to support the award of damages for future pain and suffering. Notably, the jury rejected the plaintiff's claims that she sustained a serious injury under the statutory categories of "permanent loss of use of a body organ, member, function or system" and "permanent consequential limitation of use of a body function or system" (Insurance Law § 5102 [d]). Moreover, the plaintiff testified that she resumed her "usual and customary duties" (Insurance Law § 5102 [d]) approximately four months after the accident, and that she last sought medical treatment for her injuries approximately eight or nine months after the accident. Under these circumstances, there is no rational basis for an award of damages for future pain and suffering (see Cohen v Hallmark Cards, supra). Altman, J.P., Krausman, Luciano and Rivera, JJ., concur.