■ GILBERTO ALVEZ et al., Respondents-Appellants, v AMERICAN EXPORT ISBRANDTSEN LINES, Defendant and Third-Party Plaintiff-Appellant-Respondent. JOSEPH VINAL SHIP MAINTENANCE, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent-Appellant; UNDERWRITERS AT LLOYD'S LONDON et al., Fourth-Party Defendants.—Judgment, Supreme Court, New York County, entered March 19, 1980, upon a verdict awarding plaintiff Gilberto Alvez the sum of $500,000 and plaintiff Juanita Alvez the sum of $50,000, unanimously reversed, on the law, with costs to abide the event, and a new trial ordered. Plaintiff, a ship cleaner and lasher aboard defendant's vessel, sues in unseaworthiness and negligence under admiralty law for injury sustained when he was struck in the right eye by the handle of a mechanical device, referred to as a "tensioner", as he and his partner were exerting downward pressure on a short pipe extension which they had slipped over the handle of the tensioner. The source of the extension pipe, obviously inadequate for the use to which it was being put, was sharply contested. The shipowner offered proof that it had not provided the pipe, that lashers supplied their own equipment, and that pipe extensions were not customarily used to tighten tensioners. Plaintiff claimed that the extension pipe had been provided by defendant in accordance with maritime custom at Bush Terminal where the ship was berthed. Only the issue of unseaworthiness was submitted to the jury. In essence the court instructed the jury to find for plaintiff if the pipe was not reasonably fit for the purpose for which it was being used. This was error, since it provided a basis for a finding of unseaworthiness irrespective of whether the particular pipe, or, for that matter, any pipe which

was part of the ship's gear, was customarily used or intended for use in tightening tensioners, and of whether it was customary for the shipowner to supply the pipe tensioner, and if it was customary, of whether it was supplied here. A shipowner's duty is "only to furnish a vessel and appurtenances reasonably fit for their intended use." *(Mitchell v Trawler Racer,* 362 US 539, 550.) Under the court's charge the standard was diluted from "intended" use to "personal or private intended" use, the effect of which was to deprive the shipowner of its defense. On the other hand, irrespective of the general use or custom with respect to the pipe, if, as plaintiff's proof showed, it was provided by a crewmember at the direction of the bosun with knowledge of its intended use, a basis was established for submission of the case on a theory of negligence. The court also erred in failing to charge, as requested, that the shipowner was not entitled to indemnity from plaintiff's employer if the shipowner or any of its employees prevented or seriously handicapped the ability of the employer or its employees to tighten the tensioner safely. Finally, while in light of our determination, we need not and do not reach the issue of excessiveness, we note that in passing on the postverdict motion (CPLR 4404, subd [a]) for excessiveness, the court reviewed the issue by focusing on the net amount of the verdict after the reduction for comparative negligence. Excessiveness is determined by the amount of the gross verdict, not of the net. Concur—Sullivan, J. P., Ross, Markewich, Lupiano and Carro, JJ.