■ Candace Erlon, an Infant, by Her Mother and Natural Guardian, Jean M. T. Erlon, et al., Respondents, v J.H.W. Construction Corp., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered May 12, 1986, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $175,000.

Ordered that the judgment is affirmed, with costs.

On November 24, 1981, the plaintiff Candace Erlon—then seven years old—sustained a spiral fracture of her right tibia and fibula while roller skating on property owned by the defendant J.H.W. Construction Corporation. Subsequent to the defendant's default in respect to the liability portion of the plaintiff's lawsuit, a trial limited to the issue of damages was held, after which the jury awarded the plaintiff the sum of $175,000. The defendant now appeals, contending that the foregoing award was excessive. We disagree and affirm.

The trial testimony concerning the nature and extent of the

injury sustained by the plaintiff establishes that the $175,000 award cannot be characterized as excessive. The medical testimony adduced at trial established that the plaintiff sustained a spiral fracture of the tibia and fibula resulting in an overgrowth to the right tibia and a permanent one-half-inch lengthening of the right leg. Moreover, the plaintiff's treating orthopedist testified that as a consequence of the lengthening of the right leg, there resulted a slanting of the pelvis or pelvic tilt and a spinal curvature or scoliosis, both of which conditions were permanent in nature. There was additional testimony that the plaintiff's continued symptomology, as manifest in her persistent complaints of pain and discomfort, was attributable to the failure of the soft tissue surrounding the bone to heal normally and that the resulting pain was permanent. The record further reveals that the treatment prescribed by the plaintiff's orthopedist included the use of corrective footwear into which lifts had been inserted so as to minimize the difference in length between her legs.

Although the testimony adduced by the defendant's expert differed materially in certain respects from that offered by the plaintiff's experts, the weight to be accorded the respective medical opinions was an issue for the jury's determination. With regard to the issue of damages, it is well settled that "[t]he amount of damages to be awarded for personal injuries is primarily a question of fact for the jury" *(Jandt v Abele,* 116 AD2d 699, 700). We conclude that, under the circumstances, there exists no reason to disturb the jury's assessment of damages in this particular case *(see, Jandt v Abele, supra).* Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.