■ ETHEL HIRSCHMAN, Respondent, v CITY OF NEW YORK et al., Appellants. [597 NYS2d 154] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered October 1, 1990, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $425,000 ($317,000 for future pain and suffering, $90,000 for past pain and suffering, $15,000 for loss of earnings, and $3,000 for medical expenses), and awarded the plaintiff attorneys' fees.

Ordered that the judgment is modified, on the law and on the facts, by (1) deleting the sixth, seventh, and eighth decretal paragraphs thereof, and (2) reducing the award to the plaintiff to the principal sum of $18,000, representing damages for loss of earnings and medical expenses, and severing the plaintiff's claims for damages for past and future pain and suffering, and a new trial is granted on the issue of damages with respect to past and future pain and suffering only unless the plaintiff shall serve and file with the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award for past pain and suffering from the principal sum of $90,000 to the principal sum of $75,000 and to reduce the award for future pain and suffering from the principal sum of $317,000 to the principal sum of $57,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements.

On June 15, 1987, the plaintiff slipped and fell on a brown paper bag while running across the kindergarten yard of

Public School 307, and suffered a herniated disc. There was evidence that the general condition of debris in the yard was a recurring problem of which the defendants had notice. The jury therefore properly concluded that the defendants had constructive notice of the conditions which caused the plaintiff's injury and were therefore liable (see, Weisenthal v Pickman, 153 AD2d 849).

In the exercise of our factual review power, we find that the award for past pain and suffering materially deviates from what would be reasonable compensation to the extent that award exceeds $75,000 (see, CPLR 5501 [c]). We also find the award for future pain and suffering to be similarly excessive, to the extent that it exceeds the sum of $57,000. For these reasons, we order a new trial on the issue of damages unless the plaintiff stipulates to the entry of a new judgment based on these awards.

The awards of attorneys' fees contained in the sixth, seventh, and eighth decretal paragraphs thereof must be vacated. These provisions order the defendants to pay attorneys' fees over and above the amounts awarded in remaining provisions of the judgment. Pursuant to CPLR 5041 (c), such attorneys' fees are to be deducted from the other sums awarded in the judgment. Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.