■ WAYNE HULSEN, Respondent, et al., Plaintiff, v LINDA MORRISON et al., Defendants, and ALBERTO CANALES et al., Appellants. [614 NYS2d 561] —In an action to recover damages for personal injuries, etc., the defendants Alberto Canales and ALB Corp. appeal from a judgment of the Supreme Court, Kings County (Shaw, J.), entered June 10, 1992, which is in favor of the plaintiff Wayne Hulsen and against them in the principal sum of $280,330 ($175,000 representing damages for past and future pain and suffering, $330 representing damages for past medical expenses, $30,000 representing damages for future medical expenses, and $75,000 representing damages for future lost earnings).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $75,330 representing damages for past medical expenses and future lost earnings and by adding thereto a provision severing the plaintiff's claims for damages

for past and future pain and suffering and future medical expenses unless, within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict with regard to damages for past and future pain and suffering from the sum of $175,000 to $75,000 and for future medical expenses from the sum of $30,000 to $5,000 and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment in his favor, as so reduced and modified, is affirmed, without costs or disbursements.

The defendants' contention, raised for the first time on appeal, that the plaintiff failed to establish a prima facie case that he had sustained a serious injury as defined by Insurance Law § 5102 (d) is unpreserved for appellate review (CPLR 5501 [a] [3]; 4401). In any event, the trial court properly submitted that issue to the jury for a special finding *(see generally, Licari v Elliott,* 57 NY2d 230; *Starosta v Pedzik,* 185 AD2d 308; *Loucas v A & A Trucking Co.,* 134 AD2d 326, 327).

We further hold that the jury verdict finding that the plaintiff had sustained an injury which resulted in "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]) is not against the weight of the evidence *(see generally, Nicastro v Park,* 113 AD2d 129). The plaintiff's treating orthopedist and radiologist testified that, as a result of the motor vehicle accident, the plaintiff had sustained permanent injuries including radiculopathy and arthritic changes in his neck region, a herniated disk in his lower back, and a grade-three chondromalacia in his right knee. Those diagnoses were based upon a physical examination of the plaintiff, X-rays, and a CAT scan. Although the defendants presented conflicting expert medical testimony, the issue of credibility was resolved against the defendants by the jury, whose determination is supported by a fair interpretation of the medical evidence and the plaintiff's own testimony.

However, we find that the damage award deviates materially from what would be reasonable compensation to the extent indicated herein *(see,* CPLR 5501 [c]). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.