■ DEBORAH SLUZAR, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [636 NYS2d 171] —Casey, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered December 13, 1994 in Broome County, which partially granted defendant's motion to set aside the verdict, and (2) from the judgment entered thereon.

As the result of injuries sustained in an accident when plaintiff, while riding a bicycle, was struck by a motor vehicle owned and operated by Harriet Bongiorno, plaintiff made a claim against Bongiorno. With the consent of defendant, which insured plaintiff under an automobile policy, plaintiff settled her claim for $100,000, the maximum insurance limit available to an individual plaintiff under Bongiorno's automobile insurance policy. Thereafter, plaintiff filed a claim with defendant for supplementary uninsured motorist benefits pursuant to her automobile policy. Defendant disputed the claim on the ground that plaintiff had been fully compensated by the Bongiorno settlement.

In accordance with policy provisions, plaintiff filed a demand for arbitration and was ultimately awarded $180,000 damages less the $100,000 settlement. Defendant demanded a trial de novo on all issues as authorized by the policy. Plaintiff counterclaimed for judgment confirming the arbitrator's award. Supreme Court granted the petition for a trial de novo and dismissed plaintiff's counterclaim.

A jury trial was held which resulted in a verdict in the

amount of $250,000 for past pain and suffering and $2,500,000 for future pain and suffering. Defendant moved to set aside the verdict as contrary to the weight of the evidence, excessive in amount, the product of jury confusion and based on improperly considered evidence. Supreme Court granted defendant's motion to the extent of ordering a reduction of the award for future pain and suffering to $250,000; the $250,000 awarded for past pain and suffering, covering the period from the accident to the verdict, was left undisturbed. Supreme Court thus concluded that fair and reasonable compensation to plaintiff required defendant's payment of the policy limit of $500,000. Defendant's motion was denied in all other respects and a judgment of $400,000* plus interest and costs was entered. Defendant appeals from both the order and the judgment entered thereon. We affirm.

Our review of the record discloses no basis to disturb the jury's award, as modified by Supreme Court (*see,* CPLR 5501 [c]; *Wendell v Supermarkets Gen. Corp.,* 189 AD2d 1063, 1064). The trial testimony establishes that plaintiff, a physically active 40-year-old woman at the time of the accident, sustained substantial and painful injuries to her hand and back in the accident. The impact of such injuries on plaintiff's lifestyle was profound. She was unable to resume swimming, bicycling, running and hiking, and her ability to perform household activities, such as cooking, cleaning and gardening, was significantly affected. The extent of plaintiff's injuries and their adverse effect on plaintiff's activities supports the total award of $500,000 as reasonable compensation by way of damages and, accordingly, such award should not be disturbed (*see, Reed v Harter Chair Corp.,* 185 AD2d 547, 550).

Defendant next argues that the responses to the interrogatories submitted to the jury are inconsistent with one another. When responses to submitted questions are inconsistent with one another, the remedy is to order the jury to reconsider its inconsistent responses or to order a new trial (*see,* CPLR 4111 [c]; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40). In this case, however, no timely objection was made to the inconsistency and the issue has therefore not been properly preserved for review (*see, Grzesiak v General Elec. Co.,* 68 NY2d 937, 938-939).

For the same reason, we decline to consider defendant's fur-

---

* This figure represents a credit to defendant for the $100,000 settlement previously paid to plaintiff by Bongiorno's insurer.

ther contention that Supreme Court committed reversible error in its failure to give a missing witness charge (*see, People v Aleschus*, 55 NY2d 775). The record indicates that defendant did not request such a charge and, in fact, specifically stated that it took "[n]o exception" and had "no requests" when asked at the conclusion of Supreme Court's charge (*see, Harris v Armstrong*, 64 NY2d 700). We add that we do not find this issue to be so fundamental as to establish a ground for reversal in the interest of justice (*see, Montoya v Vasquez*, 185 AD2d 875, 876). With regard to defendant's remaining contention that it was error to admit the results of plaintiff's digital myography testing, the error, if any, was harmless (*see, CPLR 2002; see also, Dempsey v Methodist Hosp.*, 159 AD2d 541). Accordingly, the order appealed from and the judgment entered thereon should be affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.