■ WILLIAM PARROS, Respondent, v 1500 REALTY Co. et al., Appellants. [641 NYS2d 372] —In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered August 15, 1994, which, after bifurcated jury trials on the issues of liability and damages, finding them 92% at fault and the plaintiff 8% at fault in the happening of the accident and finding that the plaintiff had suffered damages in the amount of $1,000,000 ($158,000 for past pain and suffering, $375,000 for future pain and suffering, $92,000 for past loss of earnings, and $375,000 for future loss of earnings), is in favor of the plaintiff and against them in the principal sum of $920,000 ($1,000,000 reduced by 8%).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof which awarded the plaintiff damages for past and future pain and suffering and substituting therefor a provision severing the plaintiff's causes of action to recover damages for past and

future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $158,000 to $100,000 and to reduce the verdict as to damages for future pain and suffering from $375,000 to $200,000, and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The plaintiff, who was 41 years old at the time of the accident, sustained injuries to his knee and ankle when he tripped and fell in the lobby of the defendants' movie theater on August 24, 1988. At trial, the defendants contended that the knee injuries were caused primarily by a 1985 accident.

Following the 1988 accident, the plaintiff was diagnosed with a torn cruciate ligament and torn medial and lateral menisci, requiring the use of a knee brace. Arthroscopic surgery was performed to remove the menisci, but the cruciate ligament could not be repaired. According to the plaintiff's doctor, he was totally disabled by this injury.

Contrary to the defendants' contention, the record supports the plaintiff's claim that the knee injuries resulted from the 1988 accident. The defendants' contention that the trial court erred when it instructed the jury that it could award damages for aggravation of a preexisting condition is unpreserved for appellate review (see, CPLR 4110-b; *De Long v County of Erie,* 60 NY2d 296, 306).

We find, however, that the damages for past and future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case (see, *Burton v New York City Hous. Auth.,* 191 AD2d 669, 671). Mangano, P. J., Miller, Altman and Friedmann, JJ., concur.