■ Nicholas Martino et al., Respondents, v Triangle Rubber Co., Inc., et al., Appellants. [671 NYS2d 524] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 7, 1997, which upon a jury verdict finding the defendants 100% at fault in the happening of the accident and awarding the plaintiff Nicholas Martino the principal sum of $187,500 for past pain and suffering and $330,000 for future pain and suffering, and awarding the plaintiff Teresa Martino the principal sum of $30,000 for past loss of services and $30,000 for future loss of services, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the facts and as matter of discretion, by deleting the provisions awarding damages for future pain and suffering to the plaintiff Nicholas Martino and for past and future loss of services to the plaintiff Teresa Martino and substituting therefor provisions severing those causes of action, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to

the appellants, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages awarded to Nicholas Martino for future pain and suffering from the sum of $330,000 to the sum of $130,000, and to reduce the verdict as to damages awarded to Teresa Martino for past loss of services from the sum of $30,000 to $15,000 and for future loss of services from the sum of $30,000 to $15,000, and to the entry of an appropriate amended judgment in their favor; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment accordingly.

The plaintiff Nicholas Martino suffered a concussion with resulting post-traumatic encephalopathy, a contusion, and chondromalacia of the knee, i.e., damage to the cartilage, a chronic cervical lumbosacral sprain, and two herniated discs as a result of a car accident with the defendant Thomas Barresi. Barresi was attempting to make a left hand turn and turned into the path of Martino who was traveling straight in oncoming traffic.

Contrary to the defendants' contention, the court did not improvidently exercise its discretion in excluding photos that demonstrated the extent of the damage sustained by Barresi's vehicle. Although the amount of damage to a car may be used to infer the speed of the vehicle that caused the damage (*see, Patti v Fenimore,* 181 AD2d 869), such an inference is not required (*see, Bogorad v Fitzpatrick,* 38 AD2d 923, *affd* 31 NY2d 984). Moreover, given the alleged speed of Martino's car and the speed limit on the road on which he was traveling, such evidence may not have been probative as to the issue of Martino's negligence without the assistance of expert testimony.

The court's original charge and read back of the charge to the jury were not prejudicial. The charge properly stated the law as applicable to the particular facts at issue which the evidence tended to prove (*see, e.g., Green v Downs,* 27 NY2d 205).

We find, however, that the award of damages to the plaintiff Nicholas Martino for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]; *Parros v 1500 Realty Corp.,* 226 AD2d 607; *cf., Trosty v Mendon Leasing Corp.,* 233 AD2d 318), as does the award of damages for loss of services to the plaintiff

Teresa Martino (*see, Zavurov v City of New York,* 241 AD2d 491). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.