**Antoinette RAGONA and Giacinto Ragona, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 97–CV–1127.**

United States District Court, N.D. New York.

July 26, 1999.

Finkelstein, Levine Law Firm, Newburgh, NY, Lawrence Lissauer, of counsel, for plaintiffs.

O'Connor Law Firm, Albany, NY, Justin O'C. Corcoran, of counsel, for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. Background

Following a jury trial, defendant Wal–Mart Stores, Inc. ("Wal–Mart") was found to be 93% liable for injuries sustained by plaintiff Antoinette Ragona when she was struck by a falling vacuum cleaner in defendant's store. Mrs. Ragona was found to be 7% liable for her own injuries. The jury returned a verdict in favor of plaintiffs as follows:

| Past Damages: | | |
|---|---|---|
| Medical expenses | $ 20,012.50 [1] | |
| Pain and suffering | 225,000.00 | |
| Future Damages: | | |
| Pain and suffering | 150,000.00 | 15 years [2] |

Final judgment was entered on May 18, 1999. Defendant Wal–Mart moves for judgment as a matter of law, pursuant to FED.R.CIV.P. 50(b), (c), and for a new trial or, in the alternative, remittitur, pursuant to FED.R.CIV.P. 59(a).[3] The Court will address these requests *seriatim.*

### A. Motion for Judgment as a Matter of Law

█ In its attorney's affidavit *only*, defendant argues that it is entitled to judgment as a matter of law because Mrs. Ragona "failed to adduce sufficient evidence that plaintiff's harm was reasonably foreseeable ... [and] no reasonable jury could find that plaintiff's continued complaints were proximately caused by the accident in Wal–Mart...." Attorney's Aff. at ¶ 20. Significantly, these arguments, and supporting legal precedent, are absent from defendant's memorandum of law.

Northern District of New York Local Rule 7.1(a)(2) provides that "[a]n affidavit shall not contain legal arguments, but shall contain factual and procedural background as appropriate." Local Rule 7.1(b)(3) further provides that "[a]ny papers ... that are otherwise not in compliance with [Local Rule 7.1] shall not be considered unless good cause is shown." Thus, the attorney's affidavit improperly contains legal argument in support of defendant's motion for judgment as a matter of law. Insofar as it may be argued that defendant's attorney's affidavit is functionally equivalent to a memorandum of law, it is inadequate; there is not a single citation to any case decision or to the trial testimony. Accordingly, defendant's motion for judgment as a matter of law is denied. *See Grassi v. Lockheed Martin Federal Sys., Inc.,* 186 F.R.D. 277, 279 (N.D.N.Y.1999) (granting defendant's motion for summary judgment due to plaintiff's attorney's noncompliance with local rule practice); *Ugarte v. Johnson,* 40 F.Supp.2d 178, 179 n. 1 (S.D.N.Y. 1999) (citing *GMAC Mortgage Corp. v. Weisman,* 1997 WL 83416, at \*4 (S.D.N.Y. Feb.27, 1997) (refusing to consider legal argument presented only in attorney affidavit); *Buckman v. New York On Location, Inc.,* 1996 WL 578245, at \*3 n. 4 (S.D.N.Y. Oct.7, 1996) (legal argument in attorney affidavit improper)).

### B. Motion For a New Trial/Remittitur

█ Under Rule 59, a trial court should grant a motion for a new trial when it is convinced that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice. *See DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 133 (2d Cir.1998); *Newmont Mines Ltd. v. Hanover Ins. Co.,* 784 F.2d 127, 132–33 (2d Cir.1986). A court may ·weigh conflicting evidence and need not

---

**1.** This amount was stipulated to by the parties during trial.

**2.** By statute, future damage awards for pain and suffering are to be paid out over "ten years or the period of time determined by the trier of fact, whichever is less." N.Y.C.P.L.R. § 5041(e).

**3.** On June 16, 1999, defendant filed a Notice of Appeal with the Second Circuit. Because defendant's posttrial motions were pending at the time that appeal was filed, the Notice of Appeal will become effective following this Court's disposition of defendant's motions. *See* FED.R.APP.PROC. 4(a)(4); *Iannone v. Harris,* 941 F.Supp. 403, 409 (S.D.N.Y.1996).

view such evidence in the light most favorable to the nonmoving party. *See Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992). A trial judges's disagreement with the jury's verdict alone, however, is insufficient reason to grant the motion for a new trial. *See Saloomey v. Jeppesen & Co.,* 707 F.2d 671, 679 (2d Cir.1983).

In its motion for a new trial or, in the alternative, remittitur, defendant advances the following grounds: (1) plaintiffs' counsel's comment during summation of a specific damage award unfairly prejudiced the defendant; and (2) the jury's award for past and future pain and suffering deviates materially from "what would be reasonable compensation," see N.Y.C.P.L.R. § 5501(c).

### 1. Plaintiff's Counsel's Summation Comment

Defendant claims that it was prejudiced by a summation comment by plaintiffs' counsel suggesting that an award of $1.35 million for past and future pain and suffering would fairly compensate Mrs. Ragona for the injuries she sustained in connection with her accident at defendant's store.

■ While the Second Circuit disfavors specifying "target amounts" for the jury to award, it has not adopted a per se rule prohibiting counsel from recommending damage amounts to the jury during closing argument. *See Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912 (2d Cir.1997); *Consorti v. Armstrong World Indus., Inc.,* 72 F.3d 1003, 1016 (2d Cir.1995), *vacated on other grounds,* 518 U.S. 1031, 116 S.Ct. 2576, 135 L.Ed.2d 1091 (1996); *Caruolo v. AC & S, Inc.,* 1999 WL 147740, at *16 (S.D.N.Y. Mar.18, 1999).

■ Here, defendant argues that plaintiff's counsel's mention of a particular dollar amount during his summation unfairly influenced the jury. Significantly, defendant failed to object or move for a mistrial at that time. *See Foley v. Metro–North Commuter R.R.,* 1992 WL 6258, at *1 (S.D.N.Y. Jan.9, 1992) (defendant's right to seek a new trial based on a challenge to jury interrogatories is waived where defendant failed to object to interrogatories at trial) (citing *Croce v. Kurnit,* 737 F.2d 229, 234 (2d Cir.1984)); *see also Schechtman v. Lappin,* 161 A.D.2d 118, 554 N.Y.S.2d 846, 848 (1st Dep't 1990). Moreover, the Court instructed the jury, in its charge, that arguments and statements of counsel were not evidence. Thus, defendant's general claim of prejudice arising from an isolated remark is insufficient, standing alone, to warrant a new trial or remittitur of the award for pain and suffering. *See Lightfoot,* 110 F.3d at 912 ("Although the jury's award of ... exactly half of the demand by plaintiff's counsel suggests that the jurors may have been influenced by counsel's mention of a particular dollar amount, in context, the closing and the charge to the jury do not support defendants' claim that the jury was unfairly influenced."); *Tate v. Colabello,* 58 N.Y.2d 84, 87, 459 N.Y.S.2d 422, 445 N.E.2d 1101 (1983); *Acunto v. Conklin,* 687 N.Y.S.2d 779, 781 (3d Dep't 1999); *Britell v. Sloan's Supermarket, Inc.,* 687 N.Y.S.2d 258 (1st Dep't 1999); *Schechtman,* 554 N.Y.S.2d at 848. Accordingly, defendant's motion for a new trial based on plaintiffs' counsel's summation comment is denied.

### 2. New Trial or Remittitur of Damages for Past and Future Pain and Suffering

■ "If a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount"—which should be the maximum award that would not be excessive. *Tingley Sys., Inc. v. Norse Sys., Inc.,* 49 F.3d 93, 96 (2d Cir.1995) (citing *Phelan v. Local 305 of the United Ass'n of Journeymen and Apprentices of the Plumbing & Pipefitting Indus.,* 973 F.2d 1050, 1064 (2d Cir.1992), *cert. denied,* 507

U.S. 972, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993)). Simply put, remittitur is "the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial." *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1328 (2d Cir.1990) (quoting *Shu–Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45, 49 (2d Cir.1984)).

■ In reviewing the excessiveness or inadequacy of a jury's award of damages in a diversity case governed by New York law, a federal district court is to apply state law. *See Consorti*, 72 F.3d at 1011–12; *see also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 420, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Provetto v. Pathmark Stores, Inc.*, 1997 WL 66775, at *4 (S.D.N.Y. Feb.18, 1997). Under New York law, courts are empowered to review the size of jury verdicts and to order new trials when the jury's award "deviates materially from what would be reasonable compensation."[4] N.Y.C.P.L.R. § 5501(c) (McKinney 1995). The "deviates materially" test replaced the common law "shock the conscience" test, and requires courts to scrutinize more closely the amounts of jury verdicts. *See Gasperini*, 518 U.S. at 424, 116 S.Ct. 2211 ("New York state-court opinions confirm that [section] 5501(c)'s 'deviates materially' standard calls for closer surveillance than 'shock the conscience' oversight."); *Consorti*, 72 F.3d, at 1013 ("Material deviation from reasonableness is less than that deviation required to find an award so excessive as to 'shock the conscience.'"); *Provetto*, 1997 WL 66775, at *4 (" '[T]he 'deviates materially' standard ... influences outcomes by tightening the range of tolerable awards.'") (quoting *Gasperini*, 518 U.S. at 425, 116 S.Ct. 2211).

■ To determine whether a jury award deviates materially from what would be reasonable compensation, New York courts compare the award in question to verdicts approved in similar cases. *See Gasperini*, 518 U.S. at 425, 116 S.Ct. 2211; *Consorti*, 72 F.3d at 1013 ("Because the standard of excessiveness is furnished by state law, the best guide for a federal court, if available, would be decisions of the state's courts in comparable cases indicating at what point awards become excessive."); *Martell v. Boardwalk Enters., Inc.*, 748 F.2d 740, 750 (2d Cir.1984); *Provetto*, 1997 WL 66775, at *4; *Taylor v. National R.R. Passenger Corp.*, 868 F.Supp. 479, 485 (E.D.N.Y.1994) (noting that awards from comparable cases should not be viewed "in a vacuum but should take into consideration plaintiff's particular injuries and the unique circumstances of [the] case."). Additionally, "the excessiveness of damages must be measured in terms of the gross verdict awarded for damages and not measured against the net judgment entered after reduction for plaintiff's comparative negligence." *Martell*, 748 F.2d at 750 n. 4 (citing *Alvez v. American Export Isbrandtsen Lines*, 79 A.D.2d 590, 434 N.Y.S.2d 384, 386 (1st Dep't 1980)).

Considering the record in the light most favorable to the injured plaintiff, see *Marulli v. Pro Sec. Serv., Inc.*, 151 Misc.2d 1077, 583 N.Y.S.2d 870, 871 (App.Term. 1992), Mrs. Ragona, a fifty-two year-old woman, suffers from a bulging (rather than herniated) disc between the fifth and sixth cervical vertebrae and radiculopathy in connection with injuries sustained when a boxed vacuum cleaner fell on her at defendant's store. *See* Pl. Attorney's Aff. at ¶ 14; Deft. Attorney's Aff. at ¶ 7. Defendant acknowledges that Mrs. Ragona is "partially disabled and could be expected

---

4. N.Y.C.P.L.R. § 5501(c) provides, in part, as follows:

In reviewing a money judgment ... in which it is contended that the award is excessive or inadequate and that a new trial should have been granted unless a stipula-

tion is entered to a different award, the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation.

to continue to suffer from symptoms of pain, stiffness, and occasional weakness in her left extremity in the future." Deft. Attorney's Aff. at ¶¶ 8–9. Dr. Bajwa, Mrs. Ragona's treating neurologist, has stated, however, that Mrs. Ragona suffers from a permanent disability that causes her to experience pain and decreased sensation on her left side. *See* Pl. Attorney's Aff. at ¶ 15. Mrs. Ragona also contends that her injuries affected her ability to enjoy those activities she performed prior to the accident. After subsequent tests revealed that Mrs. Ragona's bulging disc had gotten smaller and thus placed less pressure on her nerves, Dr. Bajwa declined to recommend surgery.[5] *See id.* at ¶ 16.

Significantly, Mrs. Ragona required neither extended hospitalization nor surgery in connection with her injuries, and made no claim for future medical expenses or past or future lost wages. *See Taylor*, 868 F.Supp. at 485 ("The Court here finds significant the fact that plaintiff ... required no surgery or period of hospitalization as a result of her fall.") (citing *Gumbs v. Pueblo Int'l, Inc.*, 823 F.2d 768, 773 (3d Cir.1987)). Although limited in certain respects, Mrs. Ragona performs many of the work and recreational activities she performed prior to the accident. *See* Trial Transcript at 244–45; 267–68. Furthermore, the award for future pain and suffering, which the jury expressly indicated on their verdict sheet was to cover a period of 15 years, rather than Mrs. Ragona's life expectancy of 30.4 years, demonstrates that the jury did not find Mrs. Ragona's injuries to be of a permanent nature. *See Wendell v. Supermarkets Gen. Corp.*, 189 A.D.2d 1063, 592 N.Y.S.2d 895, 896 (3d

Dep't 1993) (finding that a jury award covering a period of years equal to that of plaintiff's life expectancy "confirms that [the jury] found plaintiff's injuries to be permanent"). Indeed, Mrs. Ragona's treating neurologist has not recommended surgery after tests indicated that the disc had gotten smaller and placed less pressure on the surrounding nerves. *See* Pl. Attorney Aff. at ¶ 16.

As discussed below, the cases cited by plaintiff in support of the jury award for past and future pain and suffering are distinguishable from the case at bar.

In *Lamot v. Gondek*, 163 A.D.2d 678, 558 N.Y.S.2d 284 (3d Dep't 1990), the Third Department upheld an award of $28,000 for past pain and suffering and $216,000 for future pain and suffering where the plaintiff experienced "permanent and chronic back pain, coupled with severe and debilitating restrictions on plaintiff's activities." *Id.* at 286. Significantly, the plaintiff in *Lamot* was also awarded $417,000 in past and future lost wages and benefits as a result of injuries that prevented him from returning to work. *See id.* at 285–86. In contrast, the jury here did not consider Mrs. Ragona's injuries to be of a similar permanent nature, and Dr. Bajwa's testimony indicated that Mrs. Ragona's condition was improving rather than worsening, thus placing less restrictions on her ability to perform her daily activities.[6]

In *Gayton v. Palmateer*, 163 A.D.2d 780, 558 N.Y.S.2d 744 (3d Dep't 1990), the Third Department upheld a total jury award of $184,900 for injuries sustained in

---

5. Defendant argues that its own expert testified that Mrs. Ragona "had not suffered any neurological injury as a result of the accident in Wal–Mart and that she had not sustained any permanent injury of any nature...." Deft. Attorney's Aff. at ¶ 10. The conflicting medical evidence was presented to the jury and "it was the jury's duty to resolve that conflict." *Gayton v. Palmateer*, 163 A.D.2d 780, 558 N.Y.S.2d 744, 746 (3d Dep't 1990) (citation omitted).

6. In citing to *Lamot* to support Mrs. Ragona's award for past and future pain and suffering, plaintiff fails to distinguish the *separate* awards of $27,900 and $216,000, respectively, for past and future pain and suffering awarded in *Lamot*. Rather, Mrs. Ragona appears to broadly argue that the $240,000 award for pain and suffering in *Lamot* does not materially deviate from her total award of $375,000.

an automobile accident.[7] There, the plaintiff was diagnosed with two herniated discs (rather than a bulging disc as in Mrs. Ragona's case) and compression of the nerve roots that caused spasms in her neck and made her unable to move her head. *See id.* at 745. Gayton's doctors opined that her condition "would decrease the ability of the nerves to transmit impulses and would be permanent," thereby necessitating surgery. *Id.* Here, however, Mrs. Ragona's physician did not recommend surgery, and she suffers from a lesser injury which the jury did not consider to be permanent.

In *Sluzar v. Nationwide Mut. Ins. Co.*, 223 A.D.2d 785, 636 N.Y.S.2d 171 (3d Dep't 1996), the Third Department upheld an award of $250,000 for past pain and suffering and $250,000 for future pain and suffering where the plaintiff sustained substantial injuries to her back and hands when she was struck by a car while riding her bicycle. There, the court noted that the plaintiff was a physically active person and her injuries had a "profound" impact on her ability to perform her household and numerous recreational activities. *Id.* at 172. In comparison, Mrs. Ragona's injuries do not have a similar "profound" impact on her ability to perform her daily activities, and she does not allege that she performed similar physically demanding recreational activities prior to the accident.

In *Marulli v. Pro Sec. Serv., Inc.*, 151 Misc.2d 1077, 583 N.Y.S.2d 870 (App.Term. 1992), the court upheld a $50,000 award for past pain and suffering and reduced the jury award for future pain and suffering from $450,000 to $350,000 for permanent injuries that the jury determined would last for the next 35 years.[8] In *Marulli,* the plaintiff had significant injuries that included a herniated disc, injury to his sciatic nerve, a degenerative disc, and cer-

vical radiculopathy. *See id.* In comparison, Mrs. Ragona's injuries were less severe and not permanent, evidenced by the jury's determination that future pain and suffering cover approximately half of Mrs. Ragona's 30–year life expectancy.

After surveying comparable cases and analyzing the awards for past and future pain and suffering separately, the Court finds that the jury's awards for past and future pain suffering of $225,000 and $150,000, respectively, are excessive and materially deviate from what would be reasonable compensation under the circumstances of this case. *See Nairn v. National R.R. Passenger Corp.,* 837 F.2d 565 (2d Cir.1988) ($400,000 total award for pain and suffering deemed excessive under "shock the judicial conscience" standard where 33 year-old plaintiff suffered from disc degeneration and a partial impairment of back function which did not require hospitalization or surgery); *Provetto,* 1997 WL 66775, at *1 (future pain and suffering award of $200,000 upheld in slip and fall accident where plaintiff suffered multiple injuries to her knee, including a torn lateral and medial meniscus, a gouge injury to the tibial plateau, and tearing of the semilunar cartilage that required surgery and future medical treatment and limited her ability to perform physical activities); *Taylor,* 868 F.Supp. at 479 (past pain and suffering award for $105,000 upheld and future pain and suffering award for $275,-000 covering 12 years reduced to $175,000 where plaintiff suffered from three herniated discs, decreased sensation in her right hand, and an inability to extend and raise her arms, but required no surgery or period of hospitalization); *Maisonaves v. Friedman,* 255 A.D.2d 494, 680 N.Y.S.2d 619 (2d Dep't 1998) (awards of $176,000 and $250,000, respectively, for past and

---

7. It is unclear what portion of the $184,900 award related to past and future pain and suffering. It is likely, however, that some portion related to lost wages as the plaintiff was unable to return to work. *See Gayton,* 558 N.Y.S.2d at 745.

8. Mrs. Ragona's reliance on *Marulli* with respect to her future pain and suffering award overlooks that the jury in *Marulli* awarded only $50,000 for past pain and suffering for injuries that Mrs. Ragona argues are similar to hers.

future pain and suffering reduced to $100,000 and $75,000, respectively, where plaintiff suffered from four bulging discs in the cervical spine and two bulging discs in the lumbo-sacral spine that impinged on the thecal sac, and resulted in a significant limitation on plaintiff's bodily functions); *Porcano v. Lehman*, 255 A.D.2d 430, 680 N.Y.S.2d 590 (2d Dep't 1998) (pain and suffering award of $650,000 in automobile negligence case reduced to $175,000 where plaintiff suffered from multiple herniated discs and bilateral carpal tunnel syndrome requiring surgery and resulting in pain in his arms, hands, shoulders, back and neck); *Walsh v. Kings Plaza Replacement Serv., Inc.*, 239 A.D.2d 408, 658 N.Y.S.2d 345 (2d Dep't 1997) (awards of $100,000 and $300,000, respectively for past and future pain and suffering reduced to $40,000 and $60,000, respectively, in automobile accident case where plaintiff suffered a herniated disc and aggravation of a previous spinal injury); *Tariq v. Miller*, 240 A.D.2d 395, 657 N.Y.S.2d 769 (2d Dep't 1997) (awards of $200,000 for past pain and suffering and $200,000 for future pain and suffering in connection with an automobile accident reduced to $60,000 and $90,000, respectively where plaintiff's injuries consisted of one bulging disc with attendant pain in the lower back, neck and legs); *Parros v. 1500 Realty Co.*, 226 A.D.2d 607, 641 N.Y.S.2d 372, 373 (2d Dep't 1996) (awards of $158,000 and $375,000, respectively, for past and future pain and suffering reduced to $100,000 and $200,000, respectively, where plaintiff was totally disabled by a knee injury that required surgery and use of a knee brace); *Hulsen v. Morrison*, 206 A.D.2d 459, 614 N.Y.S.2d 561 (2d Dep't 1994) ($175,000 total award for past and future pain and suffering reduced to $75,000 where plaintiff sustained permanent injuries including radiculopathy and arthritis in the neck injury, a herniated disc in his lower back, and softening of the cartilage in his right knee); *Hirschman v. City of New York*, 193 A.D.2d 581, 597 N.Y.S.2d 154 (2d Dep't 1993) (awards of $90,000 and $317,000, respectively, for past and future pain and suffering reduced to $75,000 and $57,000, respectively, where plaintiff suffered a herniated disc in a slip and fall accident); *Wendell*, 592 N.Y.S.2d at 895 (modified award of $75,000 for past pain and suffering reduced to jury award of $15,000, and modified award of $100,000 for future pain and suffering upheld for injuries consisting of two herniated discs that impinged on plaintiff's spinal cord and compressed nerves leading to her shoulder and arm which were deemed permanent by the jury and spread out over plaintiff's 25–year life expectancy); *Reed v. Harter Chair Corp.*, 185 A.D.2d 547, 586 N.Y.S.2d 401 (3d Dep't 1992) (awards of $30,000 and $100,000, respectively, for past and future pain and suffering in connection with fall from a collapsed chair upheld where plaintiff suffered permanent herniated disc injury which required two surgeries); *Diorio v. Scala*, 183 A.D.2d 1065, 583 N.Y.S.2d 654 (3d Dep't 1992) (awards of $30,000 and $170,000, respectively, for past and future pain and suffering upheld where plaintiff suffered from a bulging cervical disc and lumbar disc herniation requiring surgery and causing continued pain in plaintiff's buttocks and leg).

In sum, these cases and the evidence adduced at trial make clear that Mrs. Ragona's award for past and future pain suffering of $225,000 and $150,000, respectively, "deviate[s] materially from what would be reasonable compensation." N.Y.C.P.L.R. 5501(c). After considering the specific circumstances of Mrs. Ragona's case, including, but not limited to the severity and degree of permanence of her injuries, her ability to perform daily activities after the accident, and that she required neither a period of hospitalization nor surgery in connection with those injuries, the Court finds that the maximum amount that Mrs. Ragona could recover under New York law is $100,000 for past pain and suffering and $100,000 for future pain and suffering. Accordingly, if Mrs.

Ragona does not accept a remittitur of the past and future pain and suffering awards to $100,000 each, her case will be re-tried solely on the issue of damages for pain and suffering. Mrs. Ragona shall notify the Court and defendant in writing by August 24, 1999 of her election.

## III. CONCLUSION

For the reasons stated above, defendant Wal–Mart's motion for judgment as a matter of law is denied. Defendant's motion for a new trial is granted solely on the issue of damages for past and future pain and suffering unless plaintiff Antoinette Ragona accepts a remittitur of the past and future pain and suffering awards to $100,000 and $100,000, respectively. Mrs. Ragona is to notify the Court and defendant in writing on or before August 24, 1999 of her election. In the event that Mrs. Ragona declines a remittitur, the Clerk shall vacate the judgment in favor of her and against Wal–Mart for damages for past and future pain and suffering, and the Clerk shall schedule a new trial on the issue of damages for past and future pain and suffering only.

**IT IS SO ORDERED.**