**UNITED STATES of America,**

v.

**Allan HUPPE, Defendant.**

**No. 98–CR–349.**

United States District Court,
N.D. New York.

Sept. 17, 1999.

Office of The United States Attorney, Syracuse, New York (Michael Olmstead, AUSA, of counsel), for U.S.

Harrington & Mahoney, Buffalo, New York (Mark Mahoney, of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. Background

Defendant Allan Huppe was charged in a four-count Indictment with: (1) knowingly devising a scheme to defraud and to obtain money from the Highland Nursing Home, Inc. Retirement Plan (the "Plan") by means of false and fraudulent pretenses and representations using the interstate or foreign wires, in violation of 18 U.S.C. § 1343 (Counts One, Two, and Three); and (2) embezzling, stealing or unlawfully and willfully converting to his own use the moneys, funds and assets of an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), in violation of 18 U.S.C. § 664. On July 29, 1999, defendant Huppe was convicted by a jury of two counts of wire fraud and one count of theft from a qualified pension plan. Presently before the Court is defendant Huppe's motions for: (1) judgment of acquittal pursuant to FED. R.CRIM. P. 29 on the grounds that: (a) defendant was unaware that the funds at issue belonged to a pension plan governed under ERISA; (b) defendant was unaware that employees other than Edward and Elizabeth Kaneb were plan beneficiaries; and (c) the Court incorrectly required the government to establish that the defendant was aware that the fund transfers were unauthorized; and (2) a new trial pursuant to FED. R.CRIM. P. 33 on the ground that the funds at issue were no

longer "pension funds" once they were transferred by the Kanebs, the Plan trustees, to Huppe. *See* Aff. of Attorney Mark J. Mahoney in Support of Mot. for J. of Acquittal or New Trial, at ¶¶ 5–21.

## II. Discussion

### A. Compliance With Local Rule Practice

In his attorney's affidavit, defendant raises numerous arguments in connection with his motion for a judgment of acquittal or, in the alternative, a new trial. Significantly, these arguments, and supporting legal precedent, are absent from defendant's memorandum of law. More troubling, however, is the fact that the arguments contained in defendant's attorney's affidavit are not supported by a *single citation* to legal precedent. Thus, defendant leaves it to the Court to scour the record and identify cases relevant to his arguments. As this Court recently noted, however, "[l]awyering is to be done by lawyers, not the Court." *Badlam v. Reynolds Metals Co.*, 46 F.Supp.2d 187, 193 n. 2 (N.D.N.Y.1999). The memorandum of law submitted by the defendant does not cure these deficiencies. In his *two-page* memorandum of law, defendant merely recites the general legal standards under Fed. R. Civ. P. 29 and 33, but does not apply them to the facts and circumstances in the instant case.

Northern District of New York Local Rule 7.1(c)(1) provides that "[a]n affidavit shall not contain legal arguments, but shall contain factual and procedural background as appropriate." Local Rule 7.1(b)(3) further provides that "[a]ny papers ... that are otherwise not in compliance with [Local Rule 7.1] shall not be considered unless good cause is shown." Thus, the attorney's affidavit improperly contains legal argument in support of defendant's motion for judgment of acquittal or, in the alternative, a new trial. *See Ragona v. Wal-Mart Stores, Inc.*, 62 F.Supp.2d 665, 667 (N.D.N.Y.1999); *Grassi v. Lockheed Martin Fed. Sys., Inc.*, 186 F.R.D. 277, 278

(N.D.N.Y.1999); *Ugarte v. Johnson*, 40 F.Supp.2d 178, 179 n. 1 (S.D.N.Y.1999) (citing *GMAC Mortgage Corp. v. Weisman*, 1997 WL 83416, at *4 (S.D.N.Y. Feb. 27, 1997) (refusing to consider legal argument presented only in attorney affidavit); *Buckman v. New York On Location, Inc.*, 1996 WL 578245, at *3 n. 4 (S.D.N.Y. Oct. 7, 1996) (legal argument in attorney affidavit improper)). Courts have equally required compliance with local rule practice in the context of motions filed in criminal cases. *See United States v. LaMorte*, 940 F.Supp. 572, 575 (S.D.N.Y.1996) (Although addressing the merits of defendant's motion, noting that "defendant's numerous and repeated failures to comply with the Local Rules and this Court's Individual Rules provide more than sufficient cause for denying both the Rule 35(b) motion and the recusal motion in the instant case without reaching the respective merits of the motions") (citing *Trerotola v. Local 72 of the Int'l Bhd. of Teamsters*, 947 F.Supp. 654 (S.D.N.Y.1996); *Erbacci v. United States*, 166 F.R.D. 298, 303–09 (S.D.N.Y. 1996)); *United States v. Spero*, 1993 WL 8776, at *2 (W.D.N.Y. Jan. 12, 1993) ("Although the present case is a criminal case, ... the principle that a District Court's local rules must be followed is equally applicable.").

■ Insofar as it may be argued that defendant's attorney's affidavit is functionally equivalent to a memorandum of law, it is inadequate; there is not a single citation to any case decision or to the trial record. Although these failings are sufficient cause for denial of defendant's motions, the Court will nevertheless examine the merits of the instant motions because they "concern the liberty of an incarcerated defendant." *LaMorte*, 940 F.Supp. at 575.

### B. Rule 29 Motion

■ In a motion filed pursuant to Fed. R.Crim. P. 29, the evidence is considered in the light most favorable to the government. *See Jackson v. Common-*

*wealth of Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A defendant challenging the sufficiency of the evidence following a conviction bears a heavy burden. *See United States v. Stephenson,* 183 F.3d 110, 120 (2d Cir.1999) (citing *United States v. Gonzalez,* 110 F.3d 936, 940 (2d Cir.1997)); *United States v. Ragosta,* 970 F.2d 1085, 1089 (2d Cir.), *cert. denied,* 506 U.S. 1002, 113 S.Ct. 608, 121 L.Ed.2d 543 (1992) (citing *United States v. Zabare,* 871 F.2d 282, 286 (2d Cir.), *cert. denied,* 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 119 (1989)). "A conviction will be upheld if, 'after viewing the evidence in the light most favorable to the prosecution,' the reviewing court finds that 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ragosta,* 970 F.2d at 1089 (quoting *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781); *see also Stephenson,* 183 F.3d 110, 120; *United States v. Zagari,* 111 F.3d 307, 327 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 455, 139 L.Ed.2d 390 (1997); *United States v. Patel,* 1999 WL 615196, at *3 (N.D.N.Y. August 2, 1999). The jury's verdict must be sustained if it was supported by "substantial evidence." *See Ragosta,* 970 F.2d at 1089 (citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). All reasonable inferences and all issues of credibility must be resolved in favor of the jury's verdict. *See United States v. Allah,* 130 F.3d 33, 45 (2d Cir. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 2347, 141 L.Ed.2d 718 (1998); *United States v. Reyes,* 157 F.3d 949, 955 (2d Cir.1998); *United States v. Wallace,* 59 F.3d 333, 338 (2d Cir.1995); *Patel,* 1999 WL 615196, at *3.

In his memorandum of law, defendant acknowledges, in a somewhat contradictory manner, that the evidence presented was sufficient to sustain the jury's verdict:

So it is in this case that, *although there is evidence which supports the verdict,* seen as a whole, the evidence cannot remove the reasonable doubt which ought to have existed in the mind of a rational juror.

Def. Mem. of Law at 2 (emphasis added).

In his attorney's affidavit, however, defendant advances three grounds in support of his motion for judgment of acquittal: (a) defendant was unaware that the funds at issue belonged to a pension plan governed under ERISA; (b) defendant was unaware that employees other than Edward and Elizabeth Kaneb were plan beneficiaries; and (c) the Court incorrectly required the government to establish that the defendant was aware that the fund transfers were unauthorized. An examination of these arguments reveals they are without merit.

First, the government presented sufficient evidence demonstrating that defendant was aware that the funds at issue belonged to a pension fund covered under ERISA. *See* Gov't Mem. of Law in Opposition to Def. Mot. for Acquittal or New Trial, at Exs. 8, 10, 16A, 16B, 16C, 18. Moreover, defendant does not argue that the government failed to meet its burden at trial of establishing that the pension plan was subject to ERISA. Second, contrary to defendant's contention, criminal liability under section 664 is not predicated on the defendant's awareness of the beneficiaries of the pension plan; rather, it is based on his role as "a fiduciary with discretionary authority or discretionary responsibility in the administration of the [Highland Nursing Home Retirement] Plan." *United States v. Goodstein,* 883 F.2d 1362, 1372 (7th Cir.1989), *cert. denied,* 494 U.S. 1007, 110 S.Ct. 1305, 108 L.Ed.2d 481 (1990). Third, in its charge, the Court properly instructed the jury to consider whether defendant had a good faith belief that the payment was authorized or a good faith belief that the unauthorized payment would be ratified retroactively by appropriate action of the plan trustees. This instruction is consistent with Second Circuit precedent. *See United States v. Snyder,* 668 F.2d 686, 690 (2d Cir.), *cert. denied,* 458 U.S. 1111, 102 S.Ct.

3494, 73 L.Ed.2d 1373 (1982); *United States v. Santiago*, 528 F.2d 1130, 1133–34 (2d Cir.) *cert. denied*, 425 U.S. 972, 96 S.Ct. 2169, 48 L.Ed.2d 795 (1976). Accordingly, defendant's motion for judgment of acquittal is denied.

### C. Rule 33 Motion

 The decision to grant a motion for a new trial pursuant to FED. R.CRIM. P. 33 rests within the discretion of the trial judge. *See United States v. Rodriguez*, 738 F.2d 13, 17 (1st Cir.1984); *United States v. Zane*, 507 F.2d 346, 347 (2d Cir. 1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1563, 43 L.Ed.2d 775 (1975). Such motions are disfavored and should be granted only with great caution and in exceptional circumstances. *See United States v. Locascio*, 6 F.3d 924, 949 (2d Cir.1993), *cert. denied*, 511 U.S. 1070, 114 S.Ct. 1646, 128 L.Ed.2d 365 (1994); *United States v. Spencer*, 4 F.3d 115, 118 (2d Cir.1993), *denial of post-conviction relief vacated by Bloomer v. United States*, 162 F.3d 187 (2d Cir.1998); *United States v. Costello*, 255 F.2d 876, 879 (2d Cir.), *cert. denied*, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); *United States v. Soblen*, 203 F.Supp. 542, 564 (S.D.N.Y.1961), *aff'd*, 301 F.2d 236 (2d Cir.), *cert. denied*, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962). The burden of proving the need for a new trial lies with the defendant. *See United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995); *Soblen*, 203 F.Supp. at 564. In deciding a Rule 33 motion, the Court may weigh the evidence and determine the credibility of witnesses, *see United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992), *cert. denied*, 514 U.S. 1038, 115 S.Ct. 1404, 131 L.Ed.2d 291 (1995), and is not required to view the evidence in the light most favorable to the government. *See United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980). Despite this, the court's discretion is limited; it should only grant a new trial when it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Id.; see also United States v. Gilbert*, 668 F.2d 94, 96 (2d Cir.1981) ("Most pertinently, the new evidence must be such that it would probably lead to an acquittal."), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2014, 72 L.Ed.2d 469 (1982); *United States v. Polisi*, 416 F.2d 573, 577 (2d Cir.1969) ("[The newly discovered evidence] must be of such a nature that it would probably produce a different verdict in the event of retrial.").

In his motion for a new trial, defendant argues that the payments were no longer "pension funds" once they were transferred to the defendant by the Kanebs, the Plan trustees. This argument is without merit. *See United States v. Daley*, 454 F.2d 505, 509 (1st Cir.1972). Moreover, the Court instructed the jury on the "good faith" defense, and whether the payments at issue were authorized by the Kanebs. Defendant was afforded the opportunity to challenge the Kanebs' credibility on this point during cross-examination, and it was within the province of the jury to resolve any questions regarding the credibility of the defendant and the Kanebs. Accordingly, defendant's motion for a new trial is denied.

### III. Conclusion

For all the foregoing reasons, defendant's motion for judgment of acquittal or, in the alternative, a new trial is DENIED.

**IT IS SO ORDERED.**