David A. GRASSI, Plaintiff,

v.

**LOCKHEED MARTIN FEDERAL SYSTEMS, INC., Defendant.**

No. 97–CV–1745.

United States District Court,
N.D. New York.

April 30, 1999.

Richard J. Grace, Office of Richard Grace, Binghamton, NY, for plaintiff.

David M. Gouldin, Levene, Gouldin & Thompson, LLP, Binghamton, NY, for defendant.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Plaintiff commenced this action seeking long-term disability benefits from defendant. Defendant now moves pursuant to FED. R.CIV.P. 56 for summary judgment. In response, plaintiff opposes defendant's motion, and cross-moves for summary judgment.

Although both these motions cry out for resolution, they cannot be considered on the merits because plaintiff's attorney's response is fatally deficient under the Local Rules of the Northern District of New York. In opposition to defendant's motion and in support of plaintiff's cross-motion, plaintiff's attorney submitted only two brief affidavits: one from himself and one from plaintiff.

Local Rule 7.1(a)(1) requires that a memorandum of law be filed with all motions and opposition to motions. In addition, Local Rule 7.1(a)(3) requires that a short statement of material facts in dispute be filed in connection with a motion for summary judgment. Plaintiff's attorney provided neither on behalf of plaintiff. Plaintiff's attorney's affidavit, moreover, is replete with legal arguments in disregard of the Local Rule 7.1(a)(2), which provides that "[a]n affidavit shall not contain legal arguments, but shall contain factual and procedural background as appropriate."

While the Court recognizes that plaintiff's attorney chose a state forum before removal, the consequences for failure to follow the Local Rules of the Northern District of New York are clear in the above circumstances. First, I have no legal argument from plaintiff that I can consider. *See* N.D.N.Y. L.R. 7.1(b)(3) (stating that papers not in compliance with Local Rule 7.1 shall not be considered); *see also Vercillo v. Paul Revere Life Ins. Co.,* 1998 WL 315094, *2, n. 2. (N.D.N.Y. June 10, 1998); *TSI Energy Inc. v. Stewart and Stevenson Operations, Inc.,* 1998 WL 903629, at *4 n. 2. (N.D.N.Y. Dec. 23, 1998). Insofar as it may be argued that plaintiff's attorney's affidavit is functionally equivalent to a memorandum of law, it is inadequate; there is not a single citation to any statute or case decision. Indeed, plain-

tiff's attorney failed to set forth the legal theory upon which plaintiff's claims are based.

■ Second, plaintiff's attorney's failure to file a statement of material facts requires that I take as true defendant's presentation of the facts. N.D.N.Y. L.R. 7.1(a)(3); *see also Costello v. Norton*, 1998 WL 743710, at *1, n. 2 (N.D.N.Y. Oct. 21, 1998). Further, because I have no statement of facts from plaintiff, and because the affidavits that have been submitted by plaintiff fail to apprise the Court of the necessary background events surrounding this case, I am at a complete loss to fill in the gaps in facts presented by defendant's submissions. Even the assertions that are made in the two affidavits submitted by plaintiff are not supported by any accompanying documentary evidence (such as medical information), despite the fact that such should be readily available.

■ Third, and most significantly, Local Rule 7.1(a)(3) *mandates* that "[f]ailure to file or serve any papers ... *shall* be deemed by the Court as consent to the granting or denial of the motion." N.D.N.Y. L.R. 7.1(b)(3) (emphasis added). Thus, I am constrained under the Local Rules to grant defendant's motion for summary judgment, and deny plaintiff's cross-motion for the same relief, due to plaintiff's attorney's noncompliance with local rule practice.

The sanction for such noncompliance is provided in Local Rule 7.1(i), which states that a party who "fails to comply with [Rule 7.1] is subject to discipline as the court deems appropriate, including sanctions and the imposition of costs and attorney's fees to opposing counsel." Suffice it to say, some sanction against plaintiff's attorney appears warranted. *See, e.g., Pritzker v. City of Hudson*, 26 F.Supp.2d 433, 438 (N.D.N.Y. 1998).

For the above reasons, it is hereby

**ORDERED**, that defendant's motion for summary judgment is granted WITHOUT PREJUDICE, dismissing the Complaint in its entirety, due to plaintiff's counsel's failure to comply with local rule practice; and it is further;

**ORDERED**, that plaintiff's cross-motion for summary judgment is denied WITHOUT PREJUDICE, due to plaintiff's counsel's failure to comply with local rule practice; and it is further,

**ORDERED**, that plaintiff's counsel show cause by filing a written response not to exceed ten pages in length, on or before May 3, 1999, why sanctions against him should not be entered.