Joseph J. **MEANEY;** and Elizabeth **Meaney, Plaintiffs,**

v.

**CHS ACQUISITION CORP.;** Marion **Steel Co.;** and Franklin Steel **Co., Defendants.**

**No. 97–CV–914 (LEK/DRH).**

United States District Court, N.D. New York.

Feb. 25, 2000.

---

4.   *See Raddatz,* 447 U.S. at 678 n. 6, 100 S.Ct. 2406.

Thuillez, Ford Law Firm, Albany, NY (Dale M. Thuillez, of counsel), for plaintiffs.

Bond, Schoeneck Law Firm, Albany, NY (Arthur J. Siegel, of counsel), for CHS Acquisitions, defendant.

Hanlon Veloce & Wilkinson, Saratoga Springs, NY (Christine D. Hanlon, of counsel), for Marion Steel, defendant.

Carter, Conboy Law Firm, Albany, NY (Joseph T. Johnson, of counsel), for Franklin Steel, defendant.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

The lead Plaintiff has brought suit on the basis of physical injuries he suffered when a steel post he was installing broke. The Court must determine whether there is a genuine issue of material fact regarding the question of which one of two Defendants manufactured that post. The Court also weighs whether it must impose an adverse outcome on a movant that submitted a defective statement of material facts pursuant to its cross–motion for summary judgment, and, if so, what consequences are commensurate with the defects in the submitted statement.

### I. *Background*

Plaintiff Mr Joseph J. Meaney worked for the New York State Thruway Authority as a construction equipment light operator ("CELO") at the time of the incident underlying this action. (*See* Defendant Franklin Steel Co.'s Notice of Mot. ("Franklin Notice Mot.") Ex. M (Joseph Meaney Examination Before Trial ("Meaney EBT") (30 Oct. 1998)) at 10 lines 16 to 11, line 10 (Doc. 32, 30 July 1999).) Plaintiffs claim that on or about 1 June 1994, Mr Meaney and a coworker were replacing a steel delineator post and reflector by the side of the Thruway, in the vicinity of the Selkirk interchange ramp. (*Id.* at 21 lines 7 to 20, 26 lines 2 to 5.) Mr Meaney drove a new delineator post into the ground to replace a damaged post. (*Id.* at 26 lines 22 to 27, line 5.) When he finished driving in the new post, it was slightly off vertical. (*Id.* at 27 lines 5 to 8.) As was the workers' customary practice, he pulled on the post to straighten it. (*Id.* at 23 lines 15 to 18, 27 lines 8 to 9.) The post broke, struck him, and knocked him over. (*Id.* at 27 lines 9 to 12.) Plaintiffs claim that through this accident, as a result of Defendants' negligence, Mr Meaney has suffered personal injury and pain and suffering, incurring damages in the sum of $500,000, and his wife, Plaintiff Ms Elizabeth Meaney, has suffered loss of "the society, ser-

vices, companionship and consortium of her husband and was otherwise damaged," incurring damages in the sum of $100,000. (Notice Removal Ex. A (N.Y.Sup.Ct. Compl. ("Compl.") (15 May 1997)) at ¶¶ 14–22, 37 (Doc. 1, 27 June 1997).)

Plaintiffs filed this action with the State of New York Supreme Court for the County of Columbia on 19 May 1997 (Index No. 8228–97). They stated causes of action arising in negligence, strict product liability, and breach of warranty. (*See* Compl.) Defendant CHS Acquisition Corp. ("CHS") was served with the Complaint on 3 June 1997, and pursuant to 28 U.S.C. §§ 1441, 1446–1451 removed the action to this Court by its Notice of Removal filed 27 June 1997. (Doc. 1, *supra.*) This Court has jurisdiction under 28 U.S.C. 1332, because the action is between citizens of different states, and the matter in controversy exceeds $75,000. Plaintiffs seek damages as stated *supra* pp. 105–06, costs and disbursements of this action, and such other relief as the Court may deem just and proper.

Defendant Marion Steel Co. ("Marion Steel" or "Marion") subsequently filed a cross-claim against co-Defendants Franklin Steel Co. ("Franklin Steel" or "Franklin") and CHS, seeking common law or contractual indemnification or contribution from and judgment over against those co-Defendants for all or part of any judgment obtained by Plaintiffs in this action. (*See* Marion Answer at 4–5 [1] (Doc. 14, 13 Feb. 1998).)

Thereafter, all parties stipulated and agreed to the dismissal of this action, together with all cross-claims, with prejudice, as against CHS. The agreement was so ordered and signed by the Court. (*See* Stipulation and Order of Discontinuance and Dismissal (Doc. 19, 31 July 1998).)

## II. *Motions*

Now before the Court are Defendant Franklin Steel's motion that the Court so order a stipulation of discontinuance and dismissal (*see* Franklin Notice Mot. Ex. T) pursuant to Federal Rules of Civil Procedure 21 and 41, and award summary judgment in favor of Franklin Steel against Defendant Marion Steel's cross-claim for common law and contractual contribution and indemnification; and Defendant Marion Steel's cross-motion for summary judgment against Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 56, and for denial of co-Defendant Franklin's motion for summary judgment against Marion's cross-claim. (*See* Marion Notice Cross–Mot. Summ. J. (Doc. 35, 30 July 1999).)

### A. *Standards of Decision*

### 1. *Dismissal*

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (Black, J.). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988) (applying the principle of contruing inferences in favor of plaintiff), *cert. denied sub nom. Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

> [C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

---

**1.** Defendant Marion failed to number the pages of its answer and cross-claim, in violation of L.R. 10.1(a); citations are the Court's page count.

*Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987) (applying this standard to a complaint relying on civil rights statutes).

### 2. *Summary Judgment*

Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. `*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam)) *Project Release v.

*Prevost,* 722 F.2d 960, 968 (2d Cir.1983). A genuine issue is an issue that, if resolved in favor of the non-moving party, would permit a jury to return a verdict for that party. *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir.1997) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–24 (2d Cir.1994).

The Court addresses the motions on the basis of these standards.

### III. *Discussion*

#### A. *Defendant Franklin Steel's Motion for Dismissal and Summary Judgment*

Defendant Franklin Steel moves that the Court so order a stipulation and agreement to discontinue and dismiss this action against Franklin Steel, with prejudice, pursuant to Federal Rules of Civil Procedure 21 and 41 [2] (*see* Franklin Notice Mot.

---

2. **Rule 21. Misjoinder and Non–Joinder of Parties**

. . . . Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. . . .

**Rule 41. Dismissal of Actions**

(a) **Voluntary Dismissal: Effect Thereof.**

. . . . . . . .

(2) **By Order of Court.** . . . [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the

at 1–2, and Ex. T), and moves for summary judgment against Defendant Marion Steel's cross-claim for common law and contractual contribution and indemnification. (*See* Franklin Notice Mot. at 2.) (These requests are before the Court as a single motion.) The copy of the stipulation and agreement, before the Court as Exhibit T to Franklin's Notice of Motion, has been signed by counsel for Plaintiffs and Defendant Franklin Steel, but not by Defendant Marion Steel.

As required by L.R. 7.1(a)3, the movant, Franklin Steel, submitted a Statement of Material Facts in which it "set forth, in numbered paragraphs, each material fact [as to which movant] contends there exists no genuine issue. Each fact listed ... set[s] forth a specific citation to the record where the fact is established," with the exception of paragraph 9,[3] which sets forth no citation to the record, and in accordance with the Local Rules will not be taken as an assertion of fact for purposes of this motion. (*See* Franklin Statement of Material Facts (Doc. 33, 30 July 1999).)

Local Rule 7.1(a)3 required Defendant Marion to submit a response to Defendant Franklin's Statement of Material Facts, and in addition required Marion to submit a Statement of Material Facts in support of its own cross-motion for summary judgment against the Plaintiffs' complaint. (*See* Marion Notice Cross–Mot. Summ. J. at 1.) Defendant Marion did submit a Statement of Material Facts, although it does not specify whether it is a response to Franklin's Statement, or in support of Marion's own motion, or both. (*See* Mar-

ion Statement of Material Facts (Doc. 36, 30 July 1999).) In the absence of any explicit indication otherwise, and in accordance with the dual nature of Marion's motion document, which also expressly responds to Franklin's motion, the Court will construe this submission as both a response to Franklin's Statement and a supporting Statement for Marion's own motion.

The Court finds that Defendant Marion Steel's Statement of Material Facts, as a response to Defendant Franklin's Statement, failed to comply with the Local Rules. Most seriously, Marion's Statement set forth *no* citations—specific or otherwise—to the record, and it failed to comply with L.R. 7.1(a)3's requirement that a responding Statement of Material Facts "mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs."

■ Our District's requirements are not empty formalities. Such rules "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way—thus facilitating its judgment of the necessity for trial." *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir.1995). Each of these functions is vital. When a party fails to comply with these provisions it is unfair to its adversary, which has a right to know the factual bases of its opponent's case and the specific foundations for those assertions of fact; and its conduct is adverse to the conservation of judicial resources,

---

service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

. . . .

**(c) Dismissal of Counterclaim, Cross–Claim, or Third–Party Claim.** The provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party

claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

. . . .

3. "The parties' discovery procedure has revealed no contracts exist between Marion Steel Company and co-defendants Franklin Steel Company and Franklin Industries, Inc."

which are most efficiently deployed when the parties fulfill their adversarial functions in a rigorously organized, coherent fashion.

The parties must attend to the details of the Rules if the Rules are to meet those purposes. "The requirements of such rules are not onerous, but they are exacting." *Id.* The judges of our District, working with the Clerk's Office, have taken pains in revising succeeding versions of the Local Rules to provide clear, detailed guidance to parties appearing before this Court. While the Court does not wish to apply the Rules with a rigidity that would undermine the interests of justice, it is also mindful that there is a point when forbearance of a party's noncompliance with the Rules "unfairly prejudices [its] adversaries." *Blackwelder v. Safnauer,* 689 F.Supp. 106, 112 n. 2 (N.D.N.Y.1988) (Munson, C.J.). Defendant Franklin Steel has devoted substantial time and expense to framing its summary judgment motion, including its statement of material facts. Defendant Marion Steel's failure to comply with the express provisions of L.R. 7.1(a)3 undermines the Court's basis for assessing the existence of genuine issues of material fact for trial, and threatens to render the movant's effort and expense for naught.

■ Because the nonmovant Marion Steel has failed to comply with the requirements of L.R. 7.1(a)3, and to controvert with specificity the facts set forth in movant Franklin Steel's Statement of Material Facts, the Court will deem admitted as uncontroverted all the facts properly set forth in Franklin's Statement.[4] Thus admitted as uncontroverted facts are the following:

1. That Defendant Franklin Steel contracted with the New York State Thruway Authority to provide it with delineator posts from 28 February 1991 through 31 December 1992;

2. That Defendant Marion Steel contracted with the New York State Thruway Authority to provide it with delineator posts from 15 June 1993 through 31 December 1994;

3. That the uncontradicted deposition testimony of Plaintiff Mr Meaney states that the post that allegedly injured him had holes all along its length; and

4. That the uncontradicted deposition testimony of Terry Turner, representative of the Thruway Authority, states that to his knowledge Defendant Franklin Steel never supplied delineator posts to the Thruway Authority that had holes all along their length.

(*See* Franklin Statement of Material Facts at ¶¶ 5–8.) Viewed in a light most favorable to the nonmovant, Defendant Marion Steel, the Court must conclude from these uncontroverted facts that Franklin Steel had ceased supplying the Thruway Authority with delineator posts seventeen months prior to Plaintiff Mr Meaney's accident, and that for over eleven months prior to the accident Marion Steel had been supplying delineator posts to the Thruway Authority. This in itself is not dispositive; a reasonable jury could, upon further evidence and testimony at trial, conclude that the Thruway Authority had not exhausted its stock of Franklin delineator posts despite the expiration of its contract with Franklin Steel seventeen months before.

■ Nonetheless, it makes it far less likely that any delineator posts the Thruway Authority had on hand by June 1994 had been provided by Franklin Steel. Furthermore, admitted as uncontroverted facts are Plaintiff Mr Meaney's testimony that the post that injured him had holes all along its length, and Mr Turner's testimony that Defendant Franklin Steel had never supplied to the Thruway Authority posts with holes all along their length. In view of the conjunction of these uncontroverted facts, the Court is compelled to hold

---

4. "Any facts set forth in the Statement of Material Facts shall be deemed admitted un-    less specifically controverted by the opposing party." L.R. 7.1(a)3.

that there is no genuine issue as to any material fact, that no rational jury could find reason to conclude that Franklin Steel was liable for Plaintiff Mr Meaney's injuries, that no rational jury could find reason to conclude that Marion Steel is entitled to any indemnification from, or contribution from, or judgment over against Franklin Steel, and that Franklin Steel is entitled to a judgment as a matter of law. Accordingly, the Court will GRANT Defendant Franklin Steel's motion, for summary judgment against co-Defendant Marion Steel and for an order effecting Franklin's agreement with Plaintiffs to dismiss the action against Franklin, in its ENTIRETY.

### B. Defendant Marion Steel's Cross–Motion for Summary Judgment

The Court has discussed *supra* pp. 108–09 the failure of Defendant Marion Steel's Statement of Material Facts to comply with the requirements of L.R. 7.1(a)3. Plaintiffs, too, noted this failing, and argue that on that basis Marion Steel's motion should be denied. Counsel for Defendant Marion replies that the omission of record cites is a "ministerial" act that did not prejudice Plaintiff. (Marion Reply Aff. at ¶ 3 (Doc. 43, 30 July 1999).) A "ministerial" act "involves obedience to instructions or laws instead of discretion, judgment, or skill." Black's Law Dictionary 1011 (7th ed.1999). While proper execution of a summary judgment motion does require obedience to the requirements of the Local Rules, an attorney's analysis of the record for essential, material facts, and his specific citation of those facts in his submissions to the court, is no less a matter of discretion, judgment and skill than is his reading of the case law for relevant precedent, and his proper citation of those cases in his submissions to the court.

Defense counsel's argument that the omission of record citations "in no way prejudiced" Plaintiff is also unavailing. (Marion Reply Aff. at ¶ 3.) Her rationale that "the Record was not so voluminous as to preclude the plaintiff from finding the : . . sections referred to" is without merit. The Local Rules include no provision that a party may disregard the requirement for specific citations to the record if the record is "not so voluminous." Moreover, as discussed *supra* pp. 108–09, the citations are not for the benefit of the opposing party alone, but are also for the Court, which must weigh the submissions in the motion to determine whether or not there is a genuine issue for trial as to any material fact. The Court "is not required to 'scour the record looking for factual disputes' . . . [nor] to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case." *Little*, 71 F.3d at 641 (citation omitted).

The Court understands that Marion Steel's present attorney of record in this action did not assume that position until August 1999. (*See* Christine D. Hanlon, Notice of attorney appearance for Marion Steel Co. (Doc. 45, 6 Aug. 1999).) The defective Statement of Material Facts was signed by her predecessor as Marion's attorney of record, Mr Thomas J. Pronti (and dated 8 July 1999). (*See* Marion Statement of Material Facts at 2.) To some extent Marion's present counsel has been left holding a less-than-desirable hand, and has had to make the best of it.

The Court finds less than *encouraging*, however, present Defense counsel's repeated references to Statements of Material Facts as "10J" (*sic*) Statements. (*See* Marion Reply Aff. at ¶ 3.) The Northern District's Local Rule pertaining to summary judgment motions has not been designated "10(j)" at least since the revision of the Local Rules that was issued 1 July 1994.[5] Indeed, since the summary judg-

---

**5.** Prior to that date, former L.R. 10(j) of the United States District Court for the Northern District of New York provided:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to

ment provision last was known as "10(j)," that provision has been designated "7.1(f)" through two revisions of the Local Rules (1 July 1994 and 1 January 1997), and "7.1(a)3" since the latest revision (1 January 1999).

In any event, the Court finds Defendant Marion Steel's cross-motion for summary judgment fatally defective, because of the failure of its Statement of Material Facts to comply with L.R. 7.1(a)3. Plaintiffs rely on precedent from the Northern District in arguing that the Court should deny Defendant's cross-motion for summary judgment. The Court notes that in characterizing that precedent, Plaintiffs should have set forth clearly that counsel's failings in that case were more serious and comprehensive than in the case sub judice, and that in that case our District's Chief Judge still responded cautiously, merely dismissing the parties' motions *without prejudice. See Grassi v. Lockheed Martin Fed. Sys., Inc.,* 186 F.R.D. 277, 278–79 (N.D.N.Y.1999) (McAvoy, C.J.). In *Grassi,* plaintiff's counsel submitted *no* memoranda of law, and *no* Statements of Material Facts. In the action sub judice, Defendant's (former) counsel of record did submit memoranda of law, and a Statement of Material Facts, albeit a fatally defective Statement. It is proper that Marion Steel not suffer a more adverse outcome with respect to its cross-motion, than did the plaintiff in *Grassi* as a result of the failings of his counsel. Therefore, the Court will DENY, WITH LEAVE TO REFILE, Defendant Marion Steel's cross-motion for summary judgment against Plaintiffs; Marion's motion is DENIED WITH PREJUDICE to the extent that it requests that the Court deny co-Defendant Franklin Steel's motion for summary judgment against Marion's cross-claim, as the Court has already granted Franklin Steel's motion for the reasons discussed *supra* pp. 107–10.

### IV. *Requirements for Future Submissions in This Action*

If Defendant chooses to refile its summary judgment motion, or either party chooses to file a new summary judgment motion, each party must adhere scrupulously to the requirements of L.R. 7.1(a)3. The Court reminds the parties and their counsel that the Local Rules were amended 1 January 1999. Parties and counsel may obtain copies of the current Local Rules from the Clerk's office, or at the Court's web page, at <http://www.nynd.uscourts.gov/local-rul.htm>. The Court hereby directs any counsel who have not already done so to obtain a copy of the *current* Local Rules immediately, and read them before conducting further business before this Court. As noted earlier, the provision governing summary judgment motions is no longer 7.1(f); it is now 7.1(a)3. This provision in the Local Rules has been substantially modified, and all parties must comply fully with these provisions in their submissions for any further summary judgment motions. In addition, the revised Local Rules include important requirements for the forms of papers at L.R. 7.1(a)1, L.R. 10.1(a), and L.R. 10.1(b)1.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendant Franklin Steel's motion, for summary judgment against co-Defendant Marion Steel's cross-claim and for an order effecting Franklin's agreement with Plaintiffs to dismiss the action against Franklin, is **GRANTED in its ENTIRETY;** and

the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue. All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party. The motion for summary judgment may be denied if the movant fails to annex the statement required by this Paragraph.
*Blackwelder v. Safnauer,* 689 F.Supp. 106, 112 n. 2 (N.D.N.Y.1988) (Munson, C.J.).

IT IS FURTHER ORDERED that Defendant Marion Steel's cross-motion seeking summary judgment dismissing Plaintiffs' complaint is **DENIED WITH LEAVE TO REFILE,** and seeking denial of co-Defendant Franklin Steel's aforementioned motion is **DENIED WITH PREJUDICE,** pursuant to the Court's decision, *supra,* to grant Franklin Steel's motion; and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.